UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04 10751 NG**

| | |
|---|---|
| STACEY STANTON, | ) |
| Plaintiff, | ) MAGISTRATE JUDGE Alexander |
| v. | ) |
| METRO CORP., | ) |
| Defendant. | ) |

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED ___ N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. TOM
DATE 4-13-04

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332 and §1441, defendant Metro Corp. hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Worcester County, to this Court. As grounds for this removal, Metro Corp. states as follows:

1. Plaintiff Stacey Stanton ("Stanton") commenced this action against Metro Corp. in the Superior Court of the Commonwealth of Massachusetts, Worcester County, on or about January 26, 2004. The Amended Complaint alleges defamation and statutory invasion of privacy (Mass. G.L. c.214, §1B) arising out of the publication of a photograph in *Boston* magazine, which is published by Metro Corp. Copies of the Summons, Civil Action Cover Sheet, and Amended Complaint, which were served on Metro Corp.'s resident agent on March 16, 2004, are attached hereto as Exhibits 1, 2, and 3, respectively.

2. Plaintiff is an individual who resides in Manchester, New Hampshire.

3. Defendant Metro Corp. is a Pennsylvania corporation with its principal place of business at 1818 Market Street, Philadelphia, Pennsylvania.

4. There is complete diversity of citizenship between Stanton and Metro Corp. in this action.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs. Notwithstanding Stanton's nonbinding recitation of $50,000.00 in damages on her state court Civil Action Cover Sheet, her Amended Complaint seeks damages "in an amount to be determined." (Am. Complaint, prayer for relief.) Plaintiff has alleged "real and significant" damage to her reputation; claims also to have suffered "emotional pain and mental anguish" and "humiliation"; and says she has been held up to "contempt and ridicule." (Am. Complaint, ¶¶ 14, 19.) As such, if plaintiff were to succeed on all of her claims, the value of recovery would more likely than not exceed $75,000. See Kivikovski v. Smart Professional Photocopying Corp., 2001 DNH 43, 2001 U.S. Dist. LEXIS 2017, at *4 (D.N.H. Feb. 20, 2001).

6. Thirty days have not yet elapsed since the defendant received a copy of the Summons and Amended Complaint.

7. Removal of this action from Worcester County (Mass.) Superior Court to the United States District Court in Boston is appropriate pursuant to 28 U.S.C. §1441(a). That statute allows removal from state court to a federal court in the "district and division where the action is pending." For removal purposes, and pursuant to 28 U.S.C. §101, Massachusetts constitutes one judicial district, with no statutory divisions.[1] Brennan v. City of Leominster, 180 F.R.D. 192, 193 (D. Mass. 1998); Carroll v. Fujitsu-ICL Systems, Inc., 1993 U.S. Dist. LEXIS 18330 at *2 (D. Mass. Dec. 22, 1993).

---

[1] That Local Rule 40.1 speaks of "divisions" for administrative purposes does not alter that statutory scheme. Cf. Mason v. Marathon Oil Co., 521 F. Supp. 1012 (1981).

8. Moreover, venue is appropriate in this Court under the principles of Local Rule 40.1(D). Metro Corp., a foreign corporation, maintains a usual place of business at 300 Massachusetts Avenue in Boston. It is there that *Boston* magazine, which published the photograph in question, is located. Plaintiff resides outside of Massachusetts.[2]

WHEREFORE, Metro Corp. respectfully removes this action to this Court from the Superior Court of the Commonwealth of Massachusetts, Worcester County.

METRO CORP., INC.

By its attorneys,

Robert A. Bertsche, BBO #554333
David E. Plotkin, BBO #644858
Thomas L. Douglas, BBO #659069
PRINCE, LOBEL, GLOVSKY &
   TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by first-class mail, postage prepaid, on April 13, 2004.

Thomas L. Douglas

Date: April 13, 2004

---

[2] The only relationship to Worcester County is that plaintiff's counsel has his offices there.

3