UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
04-10751-NG

STACEY STANTON
    Plaintiff
v.

METRO CORP.,
    Defendant

---

**PLAINTIFF'S MOTION TO TRANSFER TO THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS IN WORCESTER PURSUANT TO LOCAL RULE 40.1 (F)**

---

Pursuant to Local Rule 40.1 (F), and after conferring with counsel pursuant to Local Rule 7.1(A)(2) the plaintiff, Stacey Stanton, respectfully requests that this case be transferred from the Eastern Division of the District of Massachusetts (Boston) to the Central Division of the District of Massachusetts (Worcester).

As grounds therefore, the plaintiff states that her Amended Complaint was filed on or about March 12, 2004, in Massachusetts Superior Court, Worcester County. Pursuant to 28 U.S.C. §1441 (a) and § 1446 (a), Federal Court venue for this case upon removal lies in the District Court of the United States for the district and division within which the State Court action was originally filed. The plaintiff's complaint was originally filed in State Court in Worcester, thereby making Federal Court venue appropriate only in the Central Division of the District of Massachusetts in Worcester.

This request for transfer to the Central Division is also consistent with Local Rule 40.1 (D)(2). That Rule expresses a preference for civil case assignment within "the division chosen by the plaintiff," where the provisions of Local Rule 40 (D)(1) do not apply. The plaintiff respectfully submits that the residency criteria of Local Rule 40 (D)(1) do not apply to this case as neither party resides in Massachusetts. The plaintiff is an individual who resides in Manchester, New Hampshire, and the defendant is a Pennsylvania corporation with its principle place of business in Philadelphia, Pennsylvania. As such, this case is not governed by the provisions of Local Rule 40.1(D)(1), and the case should be transferred to the Central Division in Worcester where the plaintiff chose to file the complaint.

The decisions in Brennan v. City of Leominster, 180 F.R.D. 192, 193 (D. Mass. 1998) and Carroll v. Fujitsu-ICL Systems, Inc., 1993 U.S. Dist. LEXIS 18330 at *2 (D. Mass. Dec. 22, 1993) do not apply to this case. Although both of those cases involved a similar issue of Federal Court venue within the District of Massachusetts, those cases were decided based upon the wording of Local Rule 40.1 as it originally existed. That prior version of the Local Rule made no reference to the fact that the District of Massachusetts was one judicial district divided into three **divisions**.

The original Local Rule 40.1 indicated that the Court was divided into three "sections." That language was changed when the Local Rules were amended to their present form and made effective January 1, 2001. The most significant change for the purpose of this motion was Rule 40.1 (C). That Rule is entitled "Designation of Divisions" and it provides that "the District of Massachusetts constitutes one judicial district comprising three divisions." Both the Carroll and Brennan decisions were based

upon the Court's consideration of the prior version of Local Rule 40.1. With the addition of Local Rule 40.1 (C), the foundation of the Court's analysis in both <u>Carroll</u> and <u>Brennan</u> no longer exists, and the holding of those cases is not relevant. The language of the Local Rule now conforms with the language used in 28 U.S.C. § 1441 (a) and § 1446 (a), thus requiring the transfer of this case to the Central Division.

Wherefore, the plaintiff respectfully requests that this case be transferred from the Eastern Division of the District of Massachusetts to the Central Division of the District of Massachusetts in Worcester.

> Respectfully Submitted,
> The Plaintiff, Stacey Stanton
> By Her Attorney:
>
> John P. Donohue, Esquire
> Fuller, Rosenberg, Palmer &
> Beliveau, LLP.
> 340 Main Street, Suite 817
> Worcester, MA 01608
> Tel. No. (508) 751-5128
> BBO # 567008

Dated: 5/24/04

## CERTIFICATION OF SERVICE

I, John P. Donohue, Esquire, do hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 24, 2004.

John P. Donohue, Esquire