UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY STANTON,<br><br>   Plaintiff,<br><br>v.<br><br>METRO CORP.,<br><br>   Defendant. | CIVIL ACTION NO. 04-10751-NG |

### MOTION TO DISMISS
(Oral Argument Requested)

Defendant Metro Corp., the publisher of *Boston* magazine, hereby moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff cannot prevail because Massachusetts does not recognize the tort of "false light" invasion of privacy, and because the publication of her photograph juxtaposed with an article about the sexual mores of teenagers was not defamatory as a matter of law.

In support of this motion to dismiss, Metro Corp. submits the accompanying memorandum of law, and further states as follows:

1.  Plaintiff alleges that *Boston* magazine published a photo essay that included a photograph of her at a high school dance, juxtaposed with an article entitled, "The Mating Habits of the Suburban High School Teenager."[1] She takes no issue with the contents of the photograph standing alone, and she concedes that immediately adjacent to the photograph was a disclaimer noting, "The individuals pictured are unrelated to the people or events described in this story." (Am. Complaint, ¶¶ 4-5, 15.)

---

[1] A copy of the photo essay and article, as published in *Boston* magazine in May 2003, is attached to Defendant's Memorandum in Support of Motion to Dismiss as Ex. A.

2. Plaintiff was not named or identified in the article, and does not allege otherwise.

3. Nevertheless, plaintiff asserts claims for defamation (Count II) and "false light" invasion of privacy pursuant to Mass. Gen. Laws c.214, § 1B (Count I) on the theory that some of the activity described in the article amounted to "teenage promiscuity" and might have a "reasonable tendency" to injure her reputation if ascribed to her. (Am. Complaint, ¶ 13.)

4. Plaintiff's defamation claim is insufficient as a matter of law because *Boston* magazine made no factual statement *about the plaintiff* that would tend to diminish her reputation. Nothing in the photograph, or in the article next to it, suggests that the plaintiff engaged in any sexual activity whatsoever, let alone activity that would rise to the level of "promiscuity."

5. Moreover, in light of the magazine's prominent and express statement disassociating plaintiff from the people and events described in the article, plaintiff cannot show that any reasonable person would understand the publication to be stating actual defamatory facts about her.

6. Plaintiff's defamation claim fails for the additional reason that, as a matter of law, *Boston* magazine did not publish plaintiff's photograph with "negligent disregard for the truth" – the minimum level of fault that plaintiff would have to prove in order to succeed on a libel claim. Publication of the disclaimer adjacent to the photograph establishes that the magazine took due care.

7. Plaintiff claims she was also defamed by the disclaimer's statement, "The photos on these pages are from an award winning five year project on teen sexuality by photojournalist by Dan Habib." (Am. Complaint, ¶ 15.) That sentence does not revive plaintiff's libel claim, for two reasons.

8.  First, it does not defame the plaintiff to say that her photograph appeared in a photojournalist's "five year project on teen sexuality." To say that her photograph was included in a photo essay, even on a topic she finds uncomfortable, does not diminish her reputation in a respectable segment of the community.

9.  Second, plaintiff does not allege, as she must if her claim is to succeed, that *Boston* magazine published the statement with negligent disregard for its truth. (Plaintiff asserts that she was not "the subject" of, and did not "participate in," the photojournalist's project on teen sexuality (Am. Complaint, ¶ 16), but she does not – indeed, she cannot – deny that a photograph including her was part of that project.)

10. Plaintiff's claim for "statutory invasion of privacy" as a result of the alleged portrayal of her "in a false light" must be dismissed because the tort of false light invasion of privacy is not recognized in Massachusetts. Even if it were, plaintiff's claim could not proceed because the publication of her photograph in this context was not false and did not describe her in a way that would be "highly offensive to a reasonable person."

11. Even if Massachusetts were to change course and adopt the (widely suspect) tort of false light invasion of privacy, recovery on such a claim would require a showing that a defendant had knowledge of, or acted with reckless disregard of, the false light in which it placed the plaintiff. In light of the magazine's published disclaimer, plaintiff cannot make any such showing.

12. The privacy claim must also be dismissed because the Massachusetts privacy statute, under which plaintiff expressly brings the claim, is aimed at the disclosure of private information that is true, and the disclosure of which interferes with a plaintiff's privacy in a way that is both "unreasonable" and either "substantial" or "serious." Mass. Gen. Laws c. 214, § 1B. Plaintiff does not assert that *Boston* magazine has revealed any true private facts about her, and

3

therefore cannot show any interference with her privacy that is "substantial or serious" – let alone that the magazine acted unreasonably.

## REQUEST FOR ORAL ARGUMENT

Defendant Metro Corp. believes that oral argument may assist the Court in the disposition of this motion, and therefore requests a hearing pursuant to Local Rule 7.1(E).

Respectfully submitted,

METRO CORP.

By its attorneys,

_____
Robert A. Bertsche (BBO #554333)
David E. Plotkin (BBO #644858)
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial St.
Boston, MA 02109
(617) 456-8018
(617) 456-8100 (fax)

Dated: June 6, 2004

## Local Rule 7.1(A)(2) Certificate

I, Robert A. Bertsche, counsel for defendant, hereby certify in accordance with Local Rule 7.1(A)(2) that I have conferred with plaintiff's counsel about the subject of this motion and have attempted in good faith to resolve or narrow the issues addressed herein.

*/s/ Robert A. Bertsche*
Robert A. Bertsche

## Certificate of Service

I, Robert A. Bertsche, attorney for the defendant, hereby certify under the penalties of perjury that on June 6, 2004, I served the foregoing Defendant Metro Corp.'s Motion to Dismiss, on plaintiff by transmitting a copy thereof by first class mail to her attorney, John Donohue, Fuller, Rosenberg, Palmer & Beliveau, 340 Main Street, Suite 817, Worcester, MA 02608.

*/s/ Robert A. Bertsche*
Robert A. Bertsche