UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10751-NG

STACEY STANTON, )
)
Plaintiff, )
)
v. )
)
METRO CORP., )
)
Defendant. )

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER

Plaintiff's motion to transfer pursuant to Local Rule 40.1(F) must be denied, both because she has not shown the required "good cause" and because the interpretation she urges this Court to adopt would violate federal statute.

1. This case has everything to do with the Eastern Division of Massachusetts, and nothing to do with any activities in the Central Division. Local Rule 40.1(F) allows transfer only on a showing of "good cause," which plaintiff has failed to make.

2. Defendant Metro Corp. is being sued over the activities of *Boston* magazine, which it publishes. The magazine's only place of business in Massachusetts is located in Boston, within the Eastern Division of this District. The reporting and writing of the article at issue in this case took place in the Eastern Division. The graphic layout of the photograph and article was also determined from *Boston* magazine's offices in the Eastern Division.

3. Plaintiff has no contacts to Massachusetts whatsoever, aside from the fact that her attorney happens to have his office in Worcester (within the Central Division). As this Court has

held, the location of counsel does not constitute "good cause" for transfer of a case under Local Rule 40.1. Brennan v. City of Leominster, 180 F.R.D. 192 (D. Mass. 1998).

4. Moreover, the argument urged by the plaintiff would require this Court to interpret Local Rule 4.1(F) in a manner that would contradict the express terms of a federal statute, 28 U.S.C. §2071, which sets out the limits of a federal court's rulemaking powers.

5. Pursuant to 28 U.S.C. § 101, Massachusetts comprises one judicial district with no divisions. As this Court has noted, it is therefore impossible to remove a case to the wrong division in Massachusetts. Brennan, 180 F.R.D. 192; Carroll v. Fujitsu-ICL Systems, Inc., 1993 U.S. Dist. LEXIS 18330, *2 (D. Mass. Dec. 22, 1993) (same).

6. Although plaintiff argues that Local Rule 40.1 was amended to create three divisions within the District of Massachusetts, that amendment affected only the assignment of cases, not their removal. See Mason v. Marathon Oil Co., 521 F. Supp. 1012 (D. Ill. 1981).

7. Plaintiff's argument, however, can only be adopted if this Court were to determine that the court's local rules supersede the federal statute, 28 U.S.C. § 101. This is clearly not the case. Under 28 U.S.C. § 2071, which confers upon district courts the power to make rules, any rule promulgated under this section must be "consistent with Acts of Congress." See also Fed. R. Civ. P. 83(a), which provides that District Courts may enact local rules that are "consistent with…Acts of Congress." As Plaintiff's construction of L.R. 40.1 is in direct conflict with the plain language of 28 U.S.C. § 101, plaintiff's construction must be rejected.

8. Indeed, the District of Massachusetts has recognized that L.R. 40.1 was enacted pursuant to 28 U.S.C. §137 in order to facilitate the allocation of business among judges, not to create divisions for the purpose of venue. 28 U.S.C. § 137 provides that "the business of a court having more than one judge shall be divided among the judges as provided by the rules and

orders of the court." See also Market Masters-Legal v. The Sutter Law Firm, P.L.L.C., 2003 U.S. Dist. LEXIS 12839, *5 (D. Mass July 24, 2003).

9. In any event, this Court should exercise the discretion given to it by Local Rule 40.1(F) to allow this case to proceed in the Eastern Division, rather than to allow plaintiff to impose expenses on the defendant to require it to defend in Worcester.

10. Not only is the defendant's Massachusetts place of business located in Boston, but also the Eastern Division is clearly the most convenient forum for both parties. Boston is a shorter distance from the plaintiff's home in Manchester, New Hampshire than Worcester. Any *Boston* magazine employees that will be required to testify in this action are located in Boston. All of the documents regarding the decision to publish the photograph are also be located in Boston. The fact that the Eastern Division is a more convenient forum for all of the parties militates against transferring the case the Central Division, as the divisions were designed with the geographic convenience of parties in mind. See Market Masters, 2003 U.S. Dist. LEXIS at 5.

FOR THE FOREGOING REASONS, plaintiff's motion to transfer should be denied.

METRO CORP.
By its attorneys,

Robert A. Bertsche, BBO #554333
David E. Plotkin, BBO # 644858
Thomas L. Douglas BBO #659069
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8018

Dated: June 7, 2004

Certificate of Service

I, Robert A. Bertsche, attorney for the defendant, hereby certify under the penalties of perjury that on June 6, 2004, I served the foregoing Defendant Metro Corp.'s Motion to Dismiss, on plaintiff by transmitting a copy thereof by first class mail to her attorney, John Donohue, Fuller, Rosenberg, Palmer & Beliveau, 340 Main Street, Suite 817, Worcester, MA 02608.

Robert A. Bertsche