UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
04-10751

STACEY STANTON
   Plaintiff
v.

METRO CORP.,
   Defendant

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Plaintiff respectfully submits this Memorandum of Law as support for the request that the Defendant's Motion to Dismiss **be denied.**

> "The spoken word dissolves, but the written one abides and 'perpetuates the scandal.'" Ostrowe v. Lee, 256 N.Y. 36, 39, 175 N.E. 505, 506 (1931). (Cardozo J.)", *quoted with approval in* Liquori v. The Republican Company, 8 Mass App. Ct. 671, 682, 396 N.E. 2d 726 (1979).

### PART I. SUMMARY OF ARGUMENT IN OPPOSITION

The plaintiff respectfully submits that her Amended Complaint has set forth viable claims for defamation and the statutory invasion of the plaintiff's privacy pursuant to M.G.L. Ch. 214, Section 1B. As correctly stated by Defendant in it's Memorandum of Law, the Plaintiff has alleged that she was defamed by the Defendant when the Defendant published her photograph as the centerfold for it's article on teenage promiscuity in the suburbs.[1]

---

[1] The Plaintiff does not take issue with the "factual background" set forth by defendant in it's Memorandum in Support of the Motion to Dismiss. By way of clarification, however, it should be noted that the action was transferred from the Boston Division of the District Court to the Worcester Division of the District Court upon motion of the Plaintiff.

Accepting, as the Court now must, all allegations in the Plaintiff's Amended Complaint as true, the Court is presented with a case of a young woman whose photograph was used without her consent and authority as part of an article describing teenage promiscuity. (Am. Complaint, ¶¶ 4-7). The Defendant not only published the defamatory photograph, but it also published a statement suggesting that the Plaintiff had been part of a five-year project on teenage sexuality. (Am. Complaint, ¶ 15). The Plaintiff was never a subject of such project and she never authorized the use of her photograph in conjunction with any such project. (Am. Complaint ¶ 16). Since the publication of the defamatory material by the Defendant, the Plaintiff has suffered harm to her reputation; humiliation; emotional pain; and other damages. (Am. Complaint, ¶ 19).

All of the foregoing must be accepted by the Court as true. So accepted, it is clear that the Plaintiff has set forth a viable cause of action for defamation and for violation of the Plaintiff's statutory right to privacy under M.G.L. Ch. 214, §1B, and the Defendant's motion must be dismissed.

Massachusetts courts have long recognized that the "unjustifiable publication of a libel might naturally cause suffering in one's feelings quite as poignant as physical pain and pecuniary loss through injury to one's reputation fully as severe as the loss of a limb." Commonwealth v. Miller, 358 Mass 521, 527, 432 N.E. 2d 463 (1982)(quoting Ellis v. Brockton Publishing Co., 198 Mass 538, 543 (1908). What we are dealing with here is the allegation that the Plaintiff has suffered among other things, damage to her reputation as a result of the defamatory publication of her photograph in the Defendant's magazine. None of the arguments offered in support of the Defendant's Motion to Dismiss establish that the Plaintiff does not have a viable cause of action based upon the allegations contained in her complaint. Although a jury may ultimately conclude

2

that the Plaintiff should not recover under either theory of liability, the Plaintiff's case must be allowed to go forward and the Defendant's Motion to Dismiss should be denied.

In summary fashion, the Plaintiff's legal argument proceeds as follows: The allegation of defamatory innuendo, rational vel non, creates an issue of fact for trial. Mabardi v. Boston Herald-Traveler Corp., 347 Mass. 411, 414, 198 N.E. 2d 304 (1964); Riley v. The Associate Press, 59 Mass App. Ct. 764, 774, 797 N.E. 2d 1204 (2003). " A jury should consider whether the innuendos were made, and if so, whether they were false." Riley, supra. Similarly, the purported disclaimer by the Defendant did nothing more than render the publication susceptible of both a defamatory and a non-defamatory meaning, thereby creating an issue of fact to be resolved by a jury. Jones v. Taibbi, 400 Mass 786, 792, 512 N.E. 2d 260 (1987). By publishing her photograph as alleged, the Defendant made the Plaintiff a poster-girl for promiscuity in the suburbs and thereby caused an "unreasonable, substantial, or serious interference" with her privacy in violation of M.G.L. Ch. 214, §1B. *See Schlesinger* v. *Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 409 Mass 514, 519, 567 N.E. 2d 912 (1991).

## PART II. STANDARD FOR MOTION TO DISMISS

In ruling on the Defendant's Motion to Dismiss, the Court must accept all allegations in the Plaintiff's Complaint as true and all reasonable inferences must be drawn favorable to the Plaintiff's case. *See* Rockwell v. Cape Cod Hospital, 26 F. 3d 254, 255 (1st Cir. 1994). The Plaintiff's complaint "should not be dismissed for his failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46(1957)(emphasis added).

## PART III. ELEMENTS OF PLAINTIFF'S DEFAMATION CLAIM

Defamation is "the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt." Correllas v. Viveiros, 410 Mass 314, 319, 572 N.E. 2d 7 (1991). Under Massachusetts law, a defamation plaintiff must prove that: (a) the Defendant made a statement concerning the Plaintiff to a third party; (b) the statement could damage the Plaintiff's reputation in the community; (c) the Defendant was negligent in making this statement, and (d) the statement either caused the Plaintiff economic loss, or is actionable without proof of economic loss. Ravnikar v. Bogojaviensky, 438 Mass 627, 629-630, 782 N.E. 2d 508 (2003). Of these four elements, the Defendant's Motion to Dismiss takes aim at the first three elements. Apparently, the Defendant acknowledges that the damages alleged by the Plaintiff do not require proof of economic loss. *See* Ravnikar, *supra* at 630.

## PART IV.  PLAINTIFF'S ARGUMENT

A. The Alleged Defamatory Publication Was "Of and Concerning the Plaintiff"

The Defendant's Motion suggests that the Plaintiff can prove no set of facts indicating that the publication of her photograph was "of and concerning" the plaintiff. Although it is true that the publication never states the Plaintiff's name, there is no dispute that the full page photograph is a photograph of the Plaintiff. The photograph identifies the Plaintiff more clearly than if the Plaintiff's name was actually published somewhere within the text of the article. Moreover, the court has indicated that the publication of a photograph alone represents a publication of and concerning a plaintiff. Brauer v. Globe Newspaper Company, 351 Mass 53, 57, 217 N.E. 2d 736 (1966); Louka v. Park Entertainments, Inc., 294 Mass 268, 271, 1 N.E. 2d 41 (1936). As the 1st Circuit Court of Appeals noted quite clearly in Lahr v. Adell Chemical

Company, Inc., "it has never been held in defamation that a plaintiff must be identified by name." 300 F. 2d 256, 259 (1st Cir. 1962).

In Brauer, the court reversed an order sustaining a demurrer to a complaint brought on behalf of a minor whose <u>obscured</u> photograph was published in a newspaper article regarding mentally retarded children. The Court specifically noted of the young plaintiff's photograph that "none of his features or facial charecteristics is visible." Brauer, *supra* at 55. Although the young plaintiff was not identified by name in the text which accompanied the obscured photograph, the court held that the publication was "of and concerning" the young plaintiff and the case was allowed to proceed.

Similarly, in Louka v. Park Entertainments, Inc., 294 Mass 268, 271, 1 N.E. 2d 41 (1936), the court affirmed a judgment in favor of a plaintiff whose photograph was used by a defendant at the entrance to the defendant's burlesque theater. The plaintiff was a dramatic actress who was "unacquainted with burlesque." *Id.* at 269. The Court noted that the plaintiff's name was not used on the photograph and nevertheless concluded that the photograph was "of and concerning the plaintiff". *Id.* at 271. The Court held that "it is plain that the publication could be found to have been made of and concerning the plaintiff even if the defendant knew nothing about the plaintiff. The use of her picture shows that." *Id.* [2]

The Defendant's reference to "group libel" law is a red herring. The Plaintiff's claim for defamation is not based upon an allegation that she is a member of the group referenced in

---

[2] Language from the Louka decision is also instructive in a general sense with regard to the Plaintiff's overall claim in the present case. The Louka Court stated that "in view of the evidence which was in the case as the the nature of so called Burlesque shows , the Judge could find that many people would regard a woman who performed in them as lacking a sense of delicacy and modesty, and that the display of the Plaintiff's picture under the circumstances disclosed tended to bring her into contempt and to injure her reputation. This together with the falsity of the implied representation that the plaintiff was playing in Burlesque was enough to maintain the action." *Id.* at 270-271. Substitute the Burlesque shows in Louka for the expose' on teenage promiscuity in the present case and the principles align.

the article. Rather, the Plaintiff's claim is based upon the fact that the Defendant used the Plaintiff's photograph as the centerfold for it's article on teenage promiscuity. It was the use of that photograph, rather than the plaintiff's status as a teenager that generated the harm for which the plaintiff seeks recovery in this action.

Even if the Court were to evaluate the case under the "established law of group libel, the Plaintiff's claim is valid because the photograph provides the requisite "particular reference" to the defamed member. See Eyal v. The Helen Broadcasting Corporation, 411 Mass. 426, 430, n.6., 583 N.E. 2d 228 (1991).

In short, there is little merit to the Defendant's contention that the defamatory innuendo alleged in the Plaintiff's Complaint was not "of and concerning" the Plaintiff whose photograph is so prominently and clearly displayed as the centerfold of the Defendant's publication.

### B. The Publication at Issue is Capable of Defamatory Meaning

The Defendants suggest that the Plaintiff's Photographs used as the centerfold of an article on teenage promiscuity cannot be defamatory under any circumstances. As noted above, "defamation is the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt." Correllas v. Viveiros, 410 Mass 314, 319, 572 N.E. 2d 7 (1991). A publication is defamatory if it tends to injure the plaintiff's reputation in the community and expose her to hatred, ridicule or contempt. See Brauer v. The Globe Newspaper Company, 351 Mass 53, 55-56, 217 N.E. 2d 736 (1966); Mabardi v. Boston Herald-Traveler Corp., 347 Mass 411, 413, 198 N.E. 2d 304 (1964).

It is not necessary that there be a direct statement about the Plaintiff for there to be a viable claim for defamation, and insinuation may be as actionable as a direct statement. Mabardi,

*supra.* Stated otherwise, "defamation can occur by innuendo as well as by explicit assertion." Brown v. Hearst Corporation., 54 F.3d 21, 25 (1st Cir. 1995).

Turning to the facts of this case, the Plaintiff has specifically alleged that the prominent placement of her clear photograph as the centerfold of the Defendant's article on teenage promiscuity gave rise to the defamatory innuendo that the Plaintiff had engaged in the activities described in the article. This is precisely the type of alleged defamation that the Massachusetts Supreme Judicial Court found lacking in the case of Tropeano v. The Atlantic Monthly Company, 379 Mass 745, 400 N.E. 2d 847 (1980). In Tropeano, the court considered a defamation claim brought by a woman whose photograph was used in a magazine as part of an article regarding "Modern Sexual and Social Mores." *Id.* at 746. The court noted that the photograph was not defamatory on it's face as it depicted the Plaintiff in a rather usual social setting. *Id.* at 751. The court went on to state that the plaintiff's libel claim had to be dismissed because "the plaintiff has not pleaded any defamatory innuendo." *Id.* Thus, the Tropeano court suggested that a viable claim for defamation would be available to a plaintiff claiming defamatory innuendo arising out of the circumstances attending the photographs's publication. The plaintiff in this action presents the exact viable claim for defamation suggested by the Tropeano court.

Equally analogous to the present case is the matter of Morrell v. Forbes, Inc., 603 F.Supp. 1305 (D. Mass. 1985). In Morrell, the court considered claims for defamation and statutory invasion of privacy under M.G.L. Ch. 214, §1B brought by an individual whose picture was published in an article by Forbes Magazine which related to the involvement of organized crime in wholesale fish markets. *Id.* at 1306. The court noted that the photograph of the plaintiff was not in itself defamatory, but the photograph taken together with the caption and the

7

accompanying text could be defamatory. *Id.* at 307. Although the court suggested that a reasonable person may not find the photograph to be defamatory to the plaintiff, the defendant's Motion for Summary Judgment was denied because the court recognized that an insinuation or innuendo was as actionable as a direct statement.

Although not specifically cited by the Federal District Court in Morrell, the principles set forth by the Massachusetts Supreme Judicial Court in Thayer v. Worcester Post Company, 284 Mass. 160, 162, 187 N.E. 292 (1933) were being applied. In Thayer, the court stated the "words, pictures or signs, singly, or in combination, understood as mankind in general would understand them, conveying such an imputation render the publication libelous. *Id.* at 293. The Thayer court went on to note that "in libel it is enough, whatever the form, that the manifest tendency of the words is seriously to hurt the plaintiff's reputation." *Id.* (quoting Haynes v. Clinton Printing Company, 169 Mass 512, 513, 48 N.E. 2d 275 (1897)).

The Defendant's motion seeks to avoid application of the foregoing principles by suggesting that there can be no defamatory meaning as a matter of law because some (even most) readers might not recognize the defamatory innuendo and insinuation of the publication. (Def.'s Mem. Supp. Motion to Dismiss at 11). There, the Defendant suggests that the alleged publication cannot be defamatory as a matter of law because any defamatory meaning would have to derive from "a reading that interprets the language in the most negative way possible." (*Id.* quoting Veilleux v. National Broadcasting Co., 206 F. 3d 92, 108 (1st Cir. 2000)). The Defendant goes on to suggest that the Veilleux case stands for the proposition that this Court must adopt "the most plausible interpretation" of the alleged defamatory publication in ruling on the motion to dismiss. (Id). It is clear from a reading of the Defendant's Motion that this proposition from the Veilleux decision is the foundation of the Defendant's Motion to Dismiss.

8

It is even more clear, however, that the Veilleux decision has no application to this case. Veilleux involved the First Circuit applying **Maine** law to a defamation question. Evidently, the principle upon which the Defendant asks this Court to dismiss the Plaintiff's Complaint comes from decisions of the Maine Supreme Court in Bakall v. Weare, 583 A. 2d 1028, 1029 and 1030 (1990), and Marston v. Newavom, 629 A. 2d 587, 592 (1993). Although the Defendant's motion may reference a correct principle of Maine law, that principle does not apply to this diversity action wherein the court must apply Massachusetts law.

In Massachusetts, the standard is quite different. In Jones v. Taibbi, 400 Mass 786, 512 N.E. 2d, 260 (1987), the Massachusetts Supreme Judicial Court held that where a publication is susceptible of both a defamatory and a non-defamatory meaning, a question of fact exists for the jury and neither a Motion to Dismiss or a Motion for Summary Judgment can be granted. *Id.* There is no applicable standard of Massachusetts law which requires this court to adopt the "most plausible interpretation" of the alleged defamatory publication as the Defendants request in their motion. Unlike Maine law, Massachusetts law allows a defamation action to proceed even if some would interpret the publication as non-defamatory of the Plaintiff. The Plaintiff's Amended Complaint has alleged that the publication created defamatory innuendo and thereby damage the plaintiff. Even if these allegations rest upon an interpretation of the publication "in the most negative way possible," the Plaintiff is entitled, under Massachusetts law, to have her case go forward.

### C. The Purported Disclaimer Does Not Absolve the Defendant of Liability

The Defendant's Motion suggests that the small italicized "disclaimer" near the beginning of the article in question absolves the Defendant of liability for defamation. The Plaintiff respectfully suggests that this purported "disclaimer" does not operate as some type of

preemptive judicial absolution for the damages caused to the Plaintiff by the defamatory innuendo created by the publication. Rather than operating as a shield from the frying pan of it's defamatory publication, the purported disclaimer has placed the Defendant directly in the fire. The purported disclaimer falsely suggests that the Plaintiff was the subject of a five year project on teenage sexuality. She was not.

The Plaintiff has alleged in her complaint that the publication has diminished her reputation and caused her other damages, and these allegations must be accepted as true for the purposes of this Motion to Dismiss. It remains for a jury to decide what impact, if any, the purported disclaimer language in small italicized print had upon the Defendant's liability for the Plaintiff's damages. The existence of the purported disclaimer is not dispositive

In <u>Aldoupolis v. Globe Newspaper Company</u>, 398 Mass 731, 734, 500 N.E. 2d 794, the court suggested that "cautionary terms" were but one element to be considered when determining whether a statement is an assertion of fact of a statement of opinion in the defamation context. Rather than establishing that "cautionary terms" or purported disclaimers shield a publisher from liability, the court merely stated that such language should be considered. The Plaintiff does not request otherwise. In fact, the Plaintiff anticipates that the Defendant will allege at trial that the purported disclaimer is dispositive of the issues involved in this case, and the Plaintiff is content with the prospect of a jury deciding the issue on a fully developed record. At the pleadings stage, however, there is no controlling legal authority which holds that a matter of law, disclaimer language absolves a publisher of any potential liability for defamation. In fact, a contrary principle flows naturally form the Court's pronouncement in <u>Jones V. Taibbi</u>, *supra*, that where a publication is susceptible of both a defamatory and a non- defamatory meaning, a question fact exists for the jury.

### D. The Plaintiff's Complaint Establishes that the Defendant Was Negligent

The negligence element of the Plaintiff's cause of action for defamation requires "proof that the defendant was negligent in publishing defamatory words which reasonably could be interpreted to refer to the plaintiff." New England Tractor Trailer Training of Connecticut, Inc. v. Globe Newspaper Company, 395 Mass. 471, 477, 480 N.E. 2d 1005 (1985). Once again, the Defendant points in it's brief to the purported "disclaimer" that was provided with the smallest text used on the page adjacent to the Plaintiff's photograph. It is suggested somehow that this alleged disclaimer establishes as a matter of law that the Defendant exercised reasonable care (i.e. was not negligent with regard to the handling of the Plaintiff's photograph.)

The Plaintiff's Amended Complaint establishes for the purposes of this Motion to Dismiss that the Defendant never contacted the Plaintiff and requested her permission to use her photograph as part of the article describing teenage promiscuity in the suburbs. Similarly, the Amended Complaint establishes that the Plaintiff never permitted Dan Habib to use the photograph as part of a "five year project on teen sexuality."

The negligence standard applicable to defamation actions was adopted by Massachusetts in Stone v. Essex County Newspapers, Inc., 367 Mass 849, 330, N.E. 2d 161 (1975). According to that standard, the Defendants are required to act reasonably in checking on the veracity or defamatory character of the communication before publishing it. *Id.* at 858; Liquori v. The Republican Co., 8 Mass.App.Ct. 671, 678, 396 N.E. 2d 726 (1979). Whether a defendant has failed to exercise reasonable care in these circumstances, typically represents an issue of fact to be resolved at trial. Appleby v. Daily Hampshire Gazette, 395 Mass 32, 37, 478 N.E. 2d 721 (1985).

11

On the facts alleged in the Plaintiff's Complaint, a jury could reasonably conclude that the defendants failed to exercise reasonable care where they never requested permission from the plaintiff to use her photograph as part of the article; where they made no attempt to obscure the Plaintiff's face so that she would not be identifiable; where the Defendant chose to publish the alleged disclaimer that suggested that the Plaintiff had participated in a five year project on teenage sexuality; and where the Defendant made no attempt to determine whether or not the innuendo that the Plaintiff was a promiscuous teenager was true or false.

Certainly, this court cannot conclude that the Defendant acted reasonably simply because it published a purported disclaimer on the page adjacent to the photograph using the smallest sized print of any of the text contained on the page. The reasonableness of the Defendant's conduct is a question of fact to be resolved at trial before a jury on a fully developed record, and it cannot be ruled as a matter of law that the Defendant was not negligent.

### E. The Plaintiff Has a Viable Claim under M.G.L. Ch. 214 §1B

The Plaintiff's claim for a statutory invasion of privacy pursuant to M.G.L. Ch. 214, §1B is viable because the Court cannot rule as a matter of law that the Defendant's publication of the Plaintiff's photograph as the centerfold for their article on teenage promiscuity did not represent an "unreasonable, substantial, or serious interference" with her privacy." *See* Schlessinger v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 409 Mass 514, 519, 567 N.E. 2d 912 (1991) (noting that the Massachusetts Legislature in enacting Ch. 214, §1B, "framed the statue in broad terms" to be developed on a case by case basis, by balancing relevant factors, and by considering prevailing societal values, and the ability to fashion appropriate remedies). In cursory fashion, the Defendant asserts that the Plaintiff has no viable claim under the statue because she "cannot

12

make the required showing of an invasion of her privacy that was both "unreasonable" and "substantial or serious." (Def's Mem. Supp. Motion to Dismiss at 19, 11.) Admittedly, the Massachusetts Privacy Statute is rather vague, but this Court cannot state as a matter of law that the allegations contained in the Plaintiff's Complaint (accepted as true for purposes of this motion) fail to establish an unreasonable, substantial and serious interference with the Plaintiff's privacy.

The Defendant's use of the Plaintiff's photograph without her consent as the centerfold of an article on teenage promiscuity was, at the very least, unreasonable. The publication of the photograph in the context of the article in a magazine of general circulation was both substantial and a serious interference with the plaintiff's privacy. In ruling on the Motion to Dismiss as it relates to this Count of the Plaintiff's Complaint, the Court must ask itself what the privacy statute was intended to protect if not the Plaintiff in these circumstances.

## V. CONCLUSION

The allegation of defamatory innuendo, rational vel non, creates an issue of fact for trial. Mabardi v. Boston Herald-Traveler Corp., 347 Mass. 411, 414, 198 N.E. 2d 304 (1964); Riley v. The Associate Press, 59 Mass App. Ct. 764, 774, 797 N.E. 2d 1204 (2003). " A jury should consider whether the innuendos were made, and if so, whether they were false." Riley, supra. Similarly, the purported disclaimer by the Defendant did nothing more than render the publication susceptible of both a defamatory and a non-defamatory meaning, thereby creating an issue of fact to be resolved by a jury. Jones v. Taibbi, 400 Mass 786, 792, 512 N.E. 2d 260 (1987). By publishing her photograph as alleged, the Defendant made the Plaintiff a poster-girl for promiscuity in the suburbs and thereby caused an "unreasonable, substantial, or serious

13

interference" with her privacy in violation of M.G.L. Ch. 214, §1B.  *See* *Schlesinger* v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 409 Mass 514, 519, 567 N.E. 2d 912 (1991).

Wherefore, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss and allow both Counts of the Plaintiff's Complaint to proceed.

Respectfully Submitted,
The Plaintiff, Stacey Stanton
By Her Attorney:

/s/ John P. Donohue

John P. Donohue, Esquire
Fuller, Rosenberg, Palmer & Beliveau, LLP.
340 Main Street, Suite 817
Worcester, MA 01608
Tel. No. (508) 751-5128
BBO # 567008

Dated: July 20, 2004

## CERTIFICATION OF SERVICE

    I, John P. Donohue, Esquire, do hereby certify that a true copy of the above document was served upon the attorney of record for the defendants via first class mail this date as follows:

Robert Bertsche, Esquire
Prince, Lobel, Glovsky & Tye, LLP
Attorneys At Law
585 Commercial Street
Boston, MA  02109

Dated : July 20, 2004

                                                               John P. Donohue, Esquire