UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STACEY STANTON,

                          Plaintiff,

              v.                                    Civ. Action No.  04-10751-FDS

METRO CORP.,

                          Defendant.


DEFENDANT'S MOTION TO TRANSFER ACTION
TO THE EASTERN DIVISION OF THE DISTRICT OF MASSACHUSETTS

(Oral Argument Requested)

The defendant, Metro Corp., moves to transfer this action to the Eastern Division of the

District of Massachusetts pursuant to Local Rule 40.1(F) and 28 U.S.C. §1404(a).  This transfer

is warranted because the Eastern Division is the most convenient forum for all parties involved

in this action.

In support of this motion to transfer, the defendant submits the accompanying

memorandum of law, and further states as follows:

        1.      A district court may transfer an action to another division within the District of

Massachusetts for "good cause shown" pursuant to Local Rule 40.1(F) or when such transfer

would result in a more convenient forum for the parties and witnesses pursuant to 28 U.S.C.

§1404(a).

        2.      In evaluating a motion to transfer, a court considers the plaintiff's choice of

forum, the convenience of parties and witnesses, the availability of documents, the possibilities

of consolidation and coordination, and the interests of justice. The convenience of potential witnesses is particularly important.

3.     The Eastern Division is clearly the most convenient forum for all material witnesses in this action. Those employees of Metro Corp. who are likely to be witnesses in this case all reside and work in Boston or its immediate vicinity. The plaintiff's residence in Manchester, New Hampshire, is significantly closer to Boston than it is to Worcester. Not a single identified witness or potential witness resides in the Central Division (which is geographically coterminous with Worcester County).

4.     To the extent that they are in the defendants' possession, custody, or control, the documents and tangible items relevant to the subject matter of the action – the publication of a magazine article and accompanying photographic essay – are maintained at *Boston* magazine in Boston, or possibly outside of Massachusetts. None are located anywhere in Worcester County.

5.     For these reasons, the Eastern Division of the District of Massachusetts is a more convenient forum for the parties and witnesses, and good cause exists to transfer this action there. <u>See</u> 28 U.S.C. § 1404(a); District of Mass. Local Rule 40.1(F).

## CONCLUSION

For the convenience of the parties and witnesses, in the interest of justice, and for good cause shown, the Court should transfer this action to the Eastern Division of the District of Massachusetts.

Respectfully submitted,

METRO CORP.
By its attorneys,

Robert A. Bertsche (BBO #554333)
Amy E. Serino (BBO #643664)
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial St.
Boston, MA  02109
(617) 456-8000
(617) 456-8100 (fax)

Dated:  December 31, 2004

## Local Rule 7.1(A)(2) Certificate

I certify that on December 23, 2004, I conferred with John P. Donohue, counsel for the plaintiff, and attempted in good faith to resolve or narrow the issue addressed herein.

Amy E. Serino