UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STACEY STANTON,

        Plaintiff,

v.

METRO CORP.,

        Defendant.

Civ. Action No. 04-10751-FDS

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO TRANSFER ACTION
TO THE EASTERN DIVISION OF THE DISTRICT OF MASSACHUSETTS**

This action for defamation and invasion of privacy arises out of the May 2003 publication of an article and accompanying photo essay in *Boston* magazine, published by the defendant, Metro Corp. The article and photo essay were prepared in Boston, and all of the witnesses appear to be located either in the Eastern Division of the District of Massachusetts, or out of state. The facts of the case have no connection whatsoever to Worcester County or the Central Division of the District of Massachusetts. Therefore, and for the reasons discussed below and in the accompanying affidavit of *Boston* magazine Editor Jon Marcus, there is good cause to transfer this action to the Eastern Division, and the Court should do so.

**PROCEDURAL BACKGROUND**

Plaintiff Stacey Stanton commenced this action in Worcester Superior Court in January 2004. Metro Corp., the sole defendant, removed the action to the United States District Court for the District of Massachusetts on diversity grounds, 28 U.S.C. § 1332, in April 2004. (Notice of Removal (Docket ("Dkt.") No. 1).) The defendant filed its removal papers with the office of the clerk at the federal courthouse in Boston, and the action was assigned to the Eastern Division of

the District of Massachusetts.[1] The plaintiff then moved to transfer the action to the Central Division, asserting that because the plaintiff's complaint had been filed in state court in Worcester, the Central Division was the only appropriate federal court venue. (Pl.'s Mot. to Transfer (Dkt. No. 5) at 1.) While plaintiff's motion was pending, Metro Corp. moved to dismiss the case for failure to state a claim on which relief may be granted. (Def.'s Mot. to Dismiss (Dkt. No. 7).[2])

On June 14, 2004, the district court (Gertner, J.) granted plaintiff's motion to transfer, concluding that this case should have been removed to the Central Division in the first instance. (Dkt. No. 11 and Electronic Order of June 14, 2004 ("The case should be transferred to Worcester because it should have been removed there in the first place, not because of convenience or some other factor").) The district court said that the issue of whether good cause exists to transfer the case to the Eastern Division was a question for the district judge of the Central Division to whom the case would be assigned. Id. This motion brings that question to the fore.

## FACTUAL BACKGROUND

*Boston* magazine maintains its offices at 300 Massachusetts Avenue in Boston, Massachusetts. (Affidavit of Jon Marcus ("Marcus Aff.") ¶ 2 .) These offices are the magazine's only place of business in Massachusetts, and Metro Corp. has no Massachusetts place of business outside of Boston. (Marcus Aff. ¶ 2.) The article at issue in the plaintiff's

---

[1] As set out in the Notice of Removal, although the federal statute calls for removal to a federal court "in the district and division where the action is pending," Massachusetts constitutes one judicial district and has no statutory divisions. Brennan v. City of Leominster, 180 F.R.D. 192, 193 (D. Mass. 1998); Carroll v. Fujitsu-ICL Sys., Inc., No. 93-40089-GN, 1993 U.S. Dist. LEXIS 18330, at *2 (D. Mass. Dec. 22, 1993). Therefore, Metro Corp. asserts that its removal to the Eastern "Division" – a purely administrative, not statutory, category – was proper. Cf. Mason v. Marathon Oil Co., 521 F. Supp. 1012 (S.D. Ill. 1981).

[2] This motion, now calendared for a hearing on January 6, 2005, remains pending.

complaint was researched, written, and edited in the greater Boston area. (Marcus Aff. ¶ 4.) The layout and graphic design for the article and photographic essay were determined at the magazine's offices in Boston. (Marcus Aff. ¶ 4.) All employees of the magazine who have personal knowledge regarding the publication of the article and photographic essay work at the magazine's Boston offices, and reside in the immediate vicinity of Boston. None of those people reside in the Central Division. (Marcus Aff. ¶ 5.) Likewise, virtually all of the documents and tangible items concerning the publication of the article and photographic essay that are within the defendant's possession, custody, or control are maintained at the magazine's Boston offices. None of those documents are located in the Central Division. (Marcus Aff. ¶ 6.)

The plaintiff resides at 516 Central Street in Manchester, New Hampshire. (Amended Complaint ("Am. Compl.") ¶ 4.[3]) She is closer to Boston than to Worcester. (Boston is approximately 50 miles from the plaintiff's residence; Worcester is approximately 75 miles from her residence.) Metro Corp. is unaware of a single potential witness who works or resides in the Central Division.[4]

### ARGUMENT

In the District of Massachusetts, a court may transfer a case to another division pursuant to 28 U.S.C. § 1404(a) when such transfer would result in a more convenient forum for the parties and witnesses, or pursuant to Local Rule 40.1(F) for "good cause" shown. Baxter v. Conte, 190 F. Supp. 2d 123, 130 (D. Mass. 2001). When considering a transfer under § 1404(a), a court must balance several factors, including the plaintiff's choice of forum, the convenience of parties and witnesses, the availability of documents, the possibilities of consolidation and

---

[3] Plaintiff's account of the facts, as described in her Amended Complaint, is taken as true for the purposes of this motion to transfer only.

[4] Plaintiff's counsel, however, maintains an office in Worcester.

coordination, and the interests of justice.[5]  Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991).

The convenience of expected witnesses is "probably the most important factor" to consider when contemplating a motion to transfer.  Id.; Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 116 (D. Mass. 2003).  In analyzing the convenience of the witnesses, the Court should consider "the number of potential witnesses located in both the transferor and transferee districts, the nature and quality of their testimony, and whether the witnesses can be compelled to testify."  Princess House, 136 F.R.D. at 18.

The Eastern Division of the District of Massachusetts is a more convenient forum than the Central Division for all of the identified material witnesses in this action.  Among those likely to be called to testify are those *Boston* magazine employees who participated in the decision to publish the photograph, and who participated in the production and graphic layout of the article and accompanying photographic essay, of which the plaintiff complains.  These employees are all located in the Eastern Division.  As for the parties, Metro Corp. has no place of business in Massachusetts outside the Eastern Division.  The plaintiff's residence in Manchester, New Hampshire, is significantly closer to Boston than it is to Worcester.  See Navarro-Ayala v. Hernandez-Colon, 951 F.2d 1325, 1327 (1st Cir. 1991) (taking judicial notice of distance between cities).  The Eastern Division is therefore more convenient for the parties and, on information and belief, all of the potential witnesses.  The defendant is unaware of a single potential witness for either party who works or resides in the Central Division.

A transfer is also warranted on the basis of the availability of documents.  See Princess House, 136 F.R.D. at 18.  Any documents or physical evidence relating to the publication of the

---

[5] Under § 1404(a), the transferee district or division must be one in which the action could have been filed in the first instance.  There is no question that this action could have been filed in the Eastern Division of the District of Massachusetts.  See 28 U.S.C. § 1391(a); D. Mass. Local Rule 40.1(D)(1)(c).

article and the photographic essay within Metro Corp.'s possession, custody, or control in Massachusetts would be maintained at *Boston* magazine's offices in Boston. Similarly, it appears likely that any relevant documents held by the plaintiff would be located in the Manchester, New Hampshire, area, and not in Worcester County.

Though a relevant consideration in the transfer analysis, a plaintiff's choice of forum is given little weight where "the operative facts of the case have no material connection" to the chosen forum. Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 5 (D. Mass. 1987). Here, the Amended Complaint does not recite a single factual allegation connecting this case to Worcester County or the Central District. To the contrary, the defendant's purportedly tortious conduct described in the complaint – publication of the challenged article and photographs – occurred at its Boston offices. None of the relevant conduct is even alleged to have occurred in Worcester County.

Plaintiff's motion to transfer this case to the Central Division (which the judge allowed *without prejudice* to a further motion to transfer back to the Eastern Division) was based on only one consideration: that plaintiff had originally chosen to sue in Worcester. She did not identify any other fact justifying the transfer – not her own convenience, not the convenience of witnesses, not the location of documents, not the interests of justice. (Mot. to Transfer (Dkt. No. 5) at 2.) The only apparent connection between this case and the Central Division is the fact that plaintiff's attorney maintains an office in Worcester. It is clear, however, that the location of counsel is not a proper consideration in deciding a motion to transfer. See Princess House, 136 F.R.D. at 18 ("No case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a). Whether this court is more convenient to plaintiff's

counsel is, accordingly, of no consequence."). The balance of factors, therefore, strongly favors transfer under § 1404(a).

Even if transfer were not warranted under 28 U.S.C. §1404(a), the Court has independent authority to transfer this action for "good cause." (Local Rule 40.1(F).) As discussed above, the location of the parties, material witnesses, and relevant documents supports a finding that the Eastern Division of the District of Massachusetts is a more suitable forum for this case. The absence of any cognizable connection between this case and the Central Division also weighs in favor of this conclusion. These circumstances constitute good cause to transfer. See, e.g., Cognex Corp. v. Lemelson Med., Educ. & Research Found., 67 F. Supp. 2d 5, 6 (D. Mass. 1999).

## CONCLUSION

For the foregoing reasons, Metro Corp. requests that the Court transfer this action to the Eastern Division of the District of Massachusetts.

Respectfully submitted,

METRO CORP.
By its attorneys,

Robert A. Bertsche (BBO #554333)
Amy E. Serino (BBO #643664)
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial St.
Boston, MA  02109
(617) 456-8000
(617) 456-8100 (fax)

Dated:  December 31, 2004