UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STACEY STANTON,

        Plaintiff,

v.

METRO CORP.,

        Defendant.

Civ. Action No. 04-10751-FDS

**DEFENDANT'S REPLY
IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's Opposition appears to be describing a different case than the one before this Court. She alleges her likeness was used as a "centerfold" for an article on "teenage promiscuity in the suburbs." Plaintiff's Opposition ("Pl.'s Opp'n") at 1, 6, 13. In fact, there is no "centerfold," and the word "promiscuity" never appears in the challenged article. These mischaracterizations highlight the fundamental flaw in plaintiff's claim for libel and invasion of privacy: that it relies on a patently unreasonable reading of the challenged article and the accompanying photo essay.[1]

**ARGUMENT**

**I.    This Court May Reject Allegations Contradicted by the Challenged Publication**

The Court should reject the plaintiff's characterizations of the challenged article and accompanying photo essay that are "conclusively contradicted" by the article itself. See, e.g., Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) (considering article attached to motion to dismiss in affirming dismissal of complaint); Beddall v. State Street Bank & Trust

---

[1] The defendant maintains that this case should be transferred to the Eastern Division of the District of Massachusetts, a position more fully discussed in its motion to transfer. The defendant takes no position as to which motion the Court should consider first, but notes that the motion to transfer would be mooted by a ruling in favor of the defendant on the motion to dismiss. See Baxter v. Conte, 190 F. Supp. 2d 123 (D. Mass. 2001).

Co., 137 F.3d 12, 17 (1st Cir. 1998) (concluding that a contrary approach would permit a plaintiff to "thwart the consideration of a critical document merely by omitting it from the complaint"). These include the plaintiff's allegations that her photograph was used "as part of an article describing teenage promiscuity," Pl.'s Opp'n at 2 (citing Amended Complaint ("Am. Compl.") ¶¶ 4-7), or that the defendant "published a statement suggesting that the Plaintiff had been part of a five-year project on teenage sexuality," Pl.'s Opp'n at 2 (citing Am. Compl. ¶ 15).[2]

### A. The "Statements" at Issue Are Not Capable of a Defamatory Meaning.

The plaintiff repeatedly asserts in her opposition that her defamation claim must be submitted to a jury. See, e.g., Pl.'s Opp'n at 3, 9. But she fails to acknowledge that the critical threshold question – namely whether the statement at issue is reasonably capable of a defamatory meaning – is a question of law to be resolved by the district court. Phelan v. May Dep't Stores Co., No. SJC-09278, 2004 Mass. LEXIS 757, at *10 (Mass. Dec. 16, 2004); see also Brown v. Hearst Corp., 54 F.3d 21, 26 (1st Cir. 1995) (holding that it is a question for the judge whether the defendant's statement is such that a "reasonable juror" would find it "capable of a particular defamatory reading"); Albright v. Morton, 321 F. Supp. 2d 130, 135 (D. Mass. 2004).

According to the plaintiff, the juxtaposition of her photograph with the magazine article defamed her by insinuating that she "engaged in the activity described in the article." Am. Compl. ¶ 14. This allegation is so vague that it cannot reasonably be interpreted as holding her up to scorn or ridicule in the community. It is also wholly contradicted by the disclaimer published with the photographs, which, by the plaintiff's own admission, read:

> The photos on these pages are from an award-winning five-year
> project on teen sexuality by photojournalist Dan Habib. The

---

[2] While, for the purposes of considering the motion to dismiss, this Court must accept as true all well pleaded factual allegations, it is not obligated to accept "facts" that "have since been conclusively contradicted by plaintiffs' concessions or otherwise." Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987); see also Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (reaffirming the Chongris principle that district courts should "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets" in considering motions to dismiss).

>     <u>individuals pictured are unrelated to the people or events described
>     in this story.</u>  The names of the teenagers interviewed for the story
>     have been changed.

(<u>quoted in</u> Am. Compl. ¶ 15 (emphasis added)).[3]

Moreover, the alleged insinuation at issue here is no more defamatory than the one considered in <u>Tropeano</u> v. <u>Atlantic Monthly Co.</u>, 379 Mass. 745, 746 (1980), in which the plaintiff's photograph was used to illustrate a 1976 article discussing modern sexual and social mores.  Much like the photograph at issue in this case, the photograph in <u>Tropeano</u> merely depicted an "ordinary party scene" featuring a group of well dressed young people.  <u>Id.</u> at 751.  The Supreme Judicial Court affirmed the dismissal of the plaintiff's claim for defamation on the basis of these facts, noting, in addition, that the plaintiff had failed to plead any defamatory innuendo.  <u>Id.</u>  The plaintiff interprets this additional basis for dismissal as a fact that distinguishes the current case – as if an unsupported allegation of defamatory meaning, even when the statement at issue is not facially defamatory, could somehow make up for the undisputed absence of facts to support that allegation.  Plaintiff is incorrect.  In <u>Colby Haberdashers, Inc.</u> v. <u>Bradstreet Co.</u>, 267 Mass. 166 (1929), upon which <u>Tropeano</u> relies, there were allegations of defamatory meaning, but no facts recited to support the allegation.  As a result, the claim was dismissed on a demurrer (the equivalent of today's motion to dismiss).  "We have no doubt that the declaration was demurrable," the Supreme Judicial Court ruled.  "The words set out in their ordinary meaning are not derogatory.  They do not contain an implication that the plaintiff has acted in an improper way."  267 Mass. at 170.  The same is true here.  Plaintiff repeatedly says she was defamed because the article connects her to "the activity

---

[3] The plaintiff repeatedly states that the disclaimer is "small" and "italicized," appearing in "the smallest sized print of any text contained on the page."  <u>See</u> Pl.'s Opp'n at 9, 10, 12.  Whatever significance the plaintiff suggests that this type size or style had on the legibility of the language cuts both ways: it was the same typeface used for the purportedly defamatory statement (discussed below) that "The photos on these pages are from an award-winning five-year project on teen sexuality by photojournalist Dan Habib."  Am. Compl. ¶ 15.

described in the article" (Pl.'s Opp'n, at 7), but the article describes a variety of activity, much of it entirely non-objectionable. This is a far cry from those cases where the defamatory meaning is plain in context. See, e.g., Morrell v. Forbes, Inc., 603 F. Supp. 1305 (D. Mass. 1985) (reference to "fishy business" accompanied by the photo of a mobster); Brauer v. Globe Newspaper Co., 351 Mass. 53 (1966) ("mentally retarded"); Thayer v. Worcester Post Co., 284 Mass. 160 (1933) ("scandal"). Plaintiff says she has been defamed – but never precisely answers the question, "Defamed by what?" In Tropeano, the Supreme Judicial Court stated that to properly plead a defamatory innuendo, the plaintiff must set forth facts suggesting that, because of the circumstances surrounding the publication of the photograph, its publication could be understood to convey a derogatory meaning. 379 Mass. at 751. The plaintiff has failed to plead any facts beyond the mere publication of her photograph next to the article at issue that would render this case distinguishable from Tropeano.

The plaintiff also contends that the disclaimer language noted above defamed her by insinuating that she "was the subject of a five year project on teen sexuality." Pl.'s Opp'n at 10 (emphasis added). The disclaimer cannot be interpreted in this fashion, whether standing alone, or, as it should properly be considered, in the context of the publication as a whole. Albright, 321 F. Supp. 2d at 135. Even if the Court interprets the disclaimer language as anything other than an identification of the source of the photographs and a clarification that the photograph subjects were not connected to the challenged article, the plaintiff's proposed interpretation of the language is "too strained to even constitute a reasonable innuendo." Albright, 321 F. Supp. 2d at 136 n.6; cf. Mabardi v. Boston Herald-Traveler Corp., 347 Mass. 411, 413-14 (1964) (finding that the absence of an explanation for the juxtaposition of a plaintiff's photograph with an article discussing criminal activity gave rise to a potentially defamatory insinuation).

Likewise, even if the Court finds that the disclaimer implied that the plaintiff was a subject of a five-year project on teen sexuality, this statement is not capable of a defamatory meaning, because it cannot reasonably be interpreted in a manner that "discredits the plaintiff in the minds of any considerable and respectable class of the community." Albright, 321 F. Supp. 2d at 135. The plaintiff has equated "sexuality" with "promiscuity," layering inference upon inference in a manner that is not reasonable. Cf. Albright, 321 F. Supp. 2d at 132 ("To find that the photograph makes any kind of statement regarding Albright's sexuality requires the Court to pile inference upon innuendo, innuendo upon stereotype.").

The plaintiff mischaracterizes the defendant's position, suggesting that it relies on the assumption that readers might not recognize the alleged defamatory innuendo, or that the court must adopt the "most plausible interpretation" of the statements. See Pl's. Opp. at 9. Rather, the plaintiff's claim fails because the statements at issue – what plaintiff repeatedly calls, vaguely, "the activity described in the article" -- are not reasonably capable of a defamatory meaning. Cf. Albright, 321 F. Supp. 2d at 135 ("Statements alleged to be libelous must be interpreted reasonably"). There is, therefore, no issue of fact for the jury, Jones v. Taibbi, 400 Mass. 786, 792 (1987), and the plaintiff's defamation count should be dismissed for failure to state a claim on which relief may be granted. Tropeano, 379 Mass. at 751; Albright, 321 F. Supp. 2d at 135.

**B.     The Plaintiff Has Not Alleged a Defamatory Statement "Of and Concerning" Her.**

It is undisputed that the plaintiff's image appeared in a photograph published by the defendant. But it is not enough to satisfy this element of a defamation claim, as the plaintiff contends in her opposition, Pl.'s Opp'n. at 4-5, merely to allege that the plaintiff's photograph was published. The plaintiff must also show that the defendant made a defamatory statement "of and concerning" the plaintiff herself. In Louka v. Park Entertainments, Inc., 294 Mass. 268, 271 (1936), cited by the plaintiff, a judge concluded that the defendant had intentionally used the

5

plaintiff's photograph to advertise its burlesque shows, and that a reasonable person would have inferred that the plaintiff was affiliated with the shows. In that case, the defendant's use of the plaintiff's photograph (without any disclaimer of affiliation) was sufficient to create a defamatory inference about the plaintiff. As plaintiff acknowledges, however, the court in Louka relied on the fact that there was an "implied representation" that the plaintiff engaged in the allegedly defamatory activity. 294 Mass. at at 270-71 (quoted in Pl.'s Opp'n at 5, n.2.) Here, there is no such "implied representation," because the disclaimer negates any possible such implication.

Since Louka, the Supreme Judicial Court has repeatedly stated its standard for satisfying the "of and concerning" element. A plaintiff must allege both that the defendant intended for the defamatory statement to refer to the plaintiff and that the statement was so understood (a subjective test), or that the defendant's defamatory statement reasonably could be interpreted to refer to the plaintiff and the defendant was negligent in publishing the statement in a manner that permitted such an interpretation (an objective test). See Eyal v. Helen Broad. Corp., 411 Mass. 426, 430-31 (1991); ELM Medical Lab., Inc. v. RKO General, Inc., 403 Mass. 779, 784 (1989).

The plaintiff has not alleged any facts suggesting that this publication meets either the subjective or objective tests. The plaintiff will not be able to do so, because the disclaimer expressly negates the inference of any connection between the subjects of the photo essay and the people and events described in the article. Likewise, any potentially defamatory reading of the disclaimer, which stated that the photos accompanying the article were from an award-winning five-year project by a photojournalist, cannot reasonably be understood to refer to the plaintiff. The plaintiff has not alleged, as she must, that the alleged defamation was "of and concerning" her, see ELM Med., 403 Mass. at 784, and her defamation claim therefore fails.

6

### C.     The Plaintiff Has Not Alleged Negligent Conduct by the Defendant.

The plaintiff's complaint is noteworthy for yet another critical omission: she has not alleged that the defendant acted negligently in publishing her photograph. She attempts to fill the void by arguing in her opposition to the motion to dismiss (without citation to the Amended Complaint) that this element is satisfied by her allegations that (1) the defendant never contacted her to request her permission to use her photograph; and (2) she did not permit the photographer, Dan Habib, (who is not a defendant) to use the photograph "as part of a 'five year project on teen sexuality.'" See Pl.'s Opp'n at 11. But these statements do not satisfy even the most forgiving pleading standards for a claim of defamation, which under Massachusetts law requires some allegation of fault by the defendant. Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003) (affirming dismissal of defamation claim where plaintiff failed to allege facts suggesting negligence or deliberate falsehood by the defendant); see also Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 857-58 (1975) (interpreting holding of Gertz v. Robert Welch, Inc., 418 U.S. 323, 347 (1974), as a mandate that "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual")); Brown v. Hearst Corp., 54 F.3d 21, 26 (1st Cir. 1995) (noting that Massachusetts law requires a showing that a media defendant has been "negligent or worse.")

Nothing in the law of defamation mandates that a publisher contact a photographic subject to obtain her permission to use her image. Compare Pl's. Opp. at 11, with Stone, 367 Mass. at 857-58. Undoubtedly, as the plaintiff's argument suggests, checking the veracity of a statement may demonstrate an absence of negligence in the circumstance where a factual statement is asserted. Cf. Liquori v. Republican Co., 8 Mass. App. Ct. 671, 678 n.7 (1979)

(citing Restatement (Second) of Torts § 580B). But even if the plaintiff had alleged a failure to make such a verification, or was permitted to amend her complaint accordingly, this would not amount to an allegation that <u>Metro Corp., the publisher,</u> had failed to use due care in publishing the plaintiff's photograph. The plaintiff's argument is fundamentally flawed because it strains to find purportedly defamatory statements in the publication (<u>i.e.</u> that the plaintiff "engaged in" conduct described in the article – despite the disclaimer of a connection between the photographic subjects and the article, or that she participated in a five-year project on teen sexuality) and then alleges negligence based on the defendant's failure to verify the truth of these unlikely conclusions. <u>See</u> Pl.'s Opp'n at 12 (arguing that the defendant was negligent because it "made no attempt to determine whether or not the innuendo that the Plaintiff was a promiscuous teenager was false"). A defendant's failure to verify the truth of an unreasonable construction of its publication cannot support a finding of negligence.

The defendant has not asserted that the disclaimer published with the photograph "absolved" it of liability, nor that the use of the disclaimer was "dispositive." <u>See</u> Pl.'s Opp'n at 9, 10. The disclaimer merely clarified that the individuals pictured were unrelated to the people or events described in the story, rendering any conclusion to the contrary unreasonable. <u>See generally</u> <u>Albright</u>, 321 F. Supp. 2d at 135-36. This Court should consider whether the plaintiff's characterizations of the disclaimer are contradicted by the plain language of the publication.

The plaintiff has repeatedly argued that a jury should decide – on a fully developed record – what effect the disclaimer had and whether the defendant was negligent. <u>See</u> Pl.'s Opp'n at 10, 12. But the plaintiff has not explained what a developed factual record would add to the resolution of these issues. No jury need determine the reasonableness of the defendant's conduct where the plaintiff has not even <u>alleged</u> that the defendant's conduct was unreasonable.

8

The defamation claim should be dismissed for failure to allege negligence. <u>Andresen</u>, 349 F.3d at 17.

### D. The Plaintiff Has Not Addressed the Issue of Falsity.

In her opposition to the motion to dismiss, the plaintiff does not respond to the defendant's argument that she was obligated to allege a false statement of fact, and that she failed to do so in her amended complaint. <u>See</u> Def.'s Mem. in Supp. of Mot. to Dismiss at 17-18. In fact, the plaintiff does not acknowledge this issue, despite clear precedent that a plaintiff bears the burden of proving the falsity of statements by a media defendant that are a matter of public concern. <u>See</u> <u>Dulgarian</u> v. <u>Stone</u>, 420 Mass. 843, 847 (1995) ("In order for such speech to be the basis of a recovery from the media defendants, the plaintiffs must prove not only that the statements were defamatory but also that they were false.") (internal quotation marks and alterations omitted); <u>see also</u> <u>Yohe</u> v. <u>Nugent</u>, 321 F.3d 35, 40 (1st Cir. 2003) (same). The Court should consider any belated arguments by the plaintiff on the issue of falsity to be foreclosed. <u>See</u> <u>Choroszy</u> v. <u>Wentworth Inst. of Tech.</u>, 915 F. Supp. 446, 450 (D. Mass. 1996) (finding waiver of arguments that plaintiff failed to assert in his opposition to a motion to dismiss); <u>see also</u> <u>Parker</u> v. <u>Town of Swansea</u>, 270 F. Supp. 2d 92, 97 n.2 (D. Mass. 2003) (holding that claims alleged in complaint but not pursued in opposition to motion for summary judgment were waived).

### II. The Plaintiff Has Not Stated a Claim for Invasion of Privacy.

In two brief paragraphs of the Amended Complaint, the plaintiff purports to assert a claim for invasion of privacy under Mass. Gen. Laws ch. 214, § 1B:

> The Defendant's unauthorized publication of the Plaintiff's photograph as part of the article in its May, 2003 issue of Boston magazine entitled "The Mating Habits of the Suburban High School Teenager" constitutes an unreasonable, substantial, and serious interference with the Plaintiff's privacy in violation of M.G.L. c.214, § 1B.

9

> As a result of the Defendant's unreasonable, substantial, and serious interference with the Plaintiff's privacy in violation of M.G.L. c.214, § 1B, the Plaintiff has been portrayed <u>in a false light in the public eye</u> and has thereby suffered injury to her reputation and good name.

Am. Compl. ¶¶ 8-9 (emphasis added). Thus, the <u>only injuries the plaintiff alleges</u> result from her having been portrayed, as she contends, "in a false light." But Massachusetts does not recognize the tort of false light. See <u>Albright</u>, 321 F. Supp. 2d at 140; <u>Jones</u>, 400 Mass. at 802 n.12; <u>see also</u> <u>Brown</u>, 54 F.3d at 27 (noting district court's finding that Massachusetts has not adopted a false light theory of invasion of privacy, and that "diversity cases are not ordinarily an occasion for federal courts to pioneer in developing new state law").

The plaintiff's opposition appears to abandon her false light claim, arguing instead that this Court cannot conclude as a matter of law that the publication of her photograph "as the centerfold for [the defendant's] article on teenage promiscuity" did not represent a violation of the plaintiff's privacy. Pl.'s Opp'n at 12. Although the relevant statute, phrased in the disjunctive, forbids "unreasonable, substantial, <u>or</u> serious interference" with a person's privacy, Mass. Gen. Laws ch. 214, § 1B (emphasis added), it is well settled that the purported violation must be both unreasonable <u>and</u> substantial <u>or</u> serious. <u>Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 409 Mass. 514, 518-19 (1991). The plaintiff has not alleged facts that would satisfy this standard; indeed, she has not even alleged that the "statement" made by the defendant is a true one – an allegation that is a *sine qua non* to a private facts invasion of privacy claim. In fact, the plaintiff's privacy claim is nothing more than a reconstituted claim for defamation on the basis of "the making of a false statement, not <u>the revelation of private information</u>." <u>Albright</u>, 321 F. Supp. 2d at 140. As such, it must be rejected by this Court. As the First Circuit has noted, the privacy statute is not to be used as an end run around the requirements of a claim for defamation. <u>Brown</u>, 54 F.3d at 27 (holding that, where a plaintiff's

privacy claim was merely a restatement of his claim for privacy, "it is not imaginable that it could escape the same constitutional constraint as his defamation claim. In short, [he] would still have to show not only falsity but negligence").

The plaintiff questions the purpose of the privacy statute if it does not provide protection for a claim such as hers. The statute "is typically invoked to remedy 'the gathering of and dissemination of information which the plaintiffs contended was private.'" Dasey v. Anderson, 304 F.3d 148, 154 (1st Cir. 2002) (quoting Schlesinger, 409 Mass. at 517 n.4). For an actionable claim, the disclosed facts must be of a highly personal or intimate nature. Bennett v. City of Holyoke, 230 F. Supp. 2d 207, 222 (D. Mass. 2002), aff'd, 362 F.3d 1 (1st Cir. 2004). Here, the plaintiff has not identified a single private fact that was disclosed in the challenged publication, let alone facts that rise to the level required for an actionable violation of privacy.

## CONCLUSION

For the reasons stated above, and in the defendant's motion to dismiss and supporting memorandum of law, the Court should dismiss the Amended Complaint in its entirety.

Respectfully submitted,

METRO CORP.
By its attorneys,

*/s/ Robert A. Bertsche/gml*
Robert A. Bertsche (BBO #554333)
Amy E. Serino (BBO #643664)
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial St.
Boston, MA  02109
(617) 456-8000
(617) 456-8100 (fax)

Dated: January 14, 2005