UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

A : 25

CIVIL ACTION NO.:
04-10751-FDS

STACEY STANTON
    Plaintiff

v.

METRO CORP.,
    Defendant

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER ACTION TO THE EASTERN DIVISION OF THE DISTRICT OF MASSACHUSETTS

The issues raised by the Defendant's motion were offered previously and met with skepticism by the District Court (Gertner, J.) in a prior ruling dated June 14, 2004. (Dkt. No. 11 and electronic order of June 14, 2004).

The essence of the Defendant's argument in support of moving this case from the Central Division to the Eastern Division is that witnesses would face an unacceptable hardship by having to make a trip down the Massachusetts Turnpike to the Central Division Courthouse in Worcester (presumably for the trial of this case), rather than having to travel to the Eastern Division Courthouse in Boston. The plaintiff respectfully suggests that the provisions of 28 U.S.C. §1404(a) do not require an override of the Plaintiff's choice of forum and a transfer of this case to another division within the same judicial district.

This Court must rule on the motion from the starting point of a presumption in favor of the plaintiff's choice of forum in the Central Division, and the burden of proving that a transfer is warranted rests with the Defendant. Workgroup Tech. Corp. v. MGM Grand Hotel, LLC., 246 F.Supp. 2d 102, 116 (D. Mass. 2003). The Defendant's argument and the affidavit of John Marcus produced in support of its motion point only to the relative proximity of witnesses to the Eastern Division as compared to the Central Division where the Plaintiff chose to file her action. Not one of the cases cited by the Defendant in its motion would support a conclusion that a geographic distance of less than fifty miles is sufficiently inconvenient to justify negating the Plaintiff's choice of forum.

Indeed, most of the cases cited by the Plaintiff involve requests for inter-district transfers between states. ( Princess House, Inc. v. Lindsay, 136 F.R.D. 16 (D.Mass. 1991)(Massachusetts and Missouri); Workgroup Tech Corp v. MGM Grand Hotel, LLC, 246 F.Supp.2d 102 (D.Mass. 2003)(Massachusetts and Nevada); Brant Point Corp. v. Poetzsch, 671 F. Supp. 2 (D. Mass. 1987)(Massachusetts and North Carolina). Whatever rationale was used in deciding whether or not to transfer a case between judicial districts in different states cannot be used to justify a transfer of a case between divisions of a single judicial district within the same state and less than fifty miles apart.

This geographical distance is considerably less than the distance over which a party is obligated to travel in response to a subpoena for deposition or trial pursuant to Rule 45 of the Federal Rules of Civil Procedure. Fed. R. Civ.P. 45 (providing that a Court shall quash a subpoena requiring travel over 100 miles). Although not dispositive of the issue currently before the Court, the plaintiff respectfully submits that the one hundred mile bench mark of Rule 45 of the Federal Rules of Civil

Procedure provides a meaningful marker for this Court to use in determining a Request for Transfer based solely upon travel convenience.

The final case cited by the Defendant in its Memorandum illustrates the strength of the presumption in favor of the Plaintiff's choice of forum. In Cognex Corp. v. Lemelson Medical, Educ. and Research Found., 67 F. Supp. 2d 5 (D.Mass. 1999), the Court considered a case filed by the Plaintiff, Cognex, in the Eastern Division. Id. Subsequent to filing the complaint in the Eastern Division, the Plaintiff filed a Motion to Transfer the Case to the Central Division (then called the "Central Section") pursuant to the applicable Local Rule at the time. Id. The Motion to Transfer was allowed and the case was transferred to the Central Division as Plaintiff requested. Id. The Defendant then moved to retransfer the case back to the Eastern Division because the Plaintiff had not presented evidence of "good cause" to justify the original transfer to the Central Division, and because the Eastern Division would be a more convenient forum for the Defendant. Id. The Judge sitting in the Central Division declined to reverse the prior Order of Transfer by a Judge in the Eastern Division and the Defendant's Motion was denied. Id.

The Plaintiff submits that the Cognex decision stands for the proposition that the relative convenience of the parties is not sufficient, within the context of a request for intra-district transfer, to negate the Plaintiff's choice of forum. As the Court did in Cognex, this Court should deny the Defendant's Motion to Transfer.

**Conclusion**

The Defendant has not met its burden of establishing good cause to transfer this action from the Plaintiff's chosen forum of the Central Division to the Eastern Division of the District Court, and therefore, the Defendant's motion must be denied.

                                          Respectfully submitted,
                                          Stacey Stanton,
                                          By Her Attorney,

                                          By: _____
                                          John P. Donohue, Esquire
                                          Fuller, Rosenberg, Palmer & Beliveau, LLP.
                                          340 Main Street, Suite 817
                                          Worcester, Massachusetts 01608
Dated: January 18, 2005               Tel. No. (508) 751-5128, BBO # 567008


## CERTIFICATION OF SERVICE

     I, John P. Donohue, Esquire, do hereby certify that a true copy of the above document was served upon the attorney of record for the defendants in hand at the United States District Court, Central Division, this date:

Robert Bertsche, Esquire
Prince, Lobel, Glovsky & Tye, LLP
Attorneys At Law
585 Commercial Street
Boston, MA 02109

Dated : January 18, 2005

                                                        _____
                                                        John P. Donohue, Esquire