UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
04-10751-FDS

STACEY STANTON
    Plaintiff
v.

METRO CORP.,
    Defendant

## PLAINTIFF'S POST ARGUMENT RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Notwithstanding Defendant's suggestion to the contrary, the sole issue before the Court at this stage of the litigation is whether Defendant has shown "beyond doubt that the plaintiff can prove no set of facts in support" of her claims which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marram v. Kobrick Offshore Fund, Inc., 442 Mass. 43, 45 (2004). Nothing presented by Defendant at oral argument nor in the now forty-six (46) pages of written argument can meet that burden, and the Defendant's Motion to Dismiss must be denied.

As most of Defendant's Supplemental Brief restates prior written and oral argument, this post argument response on behalf of the Plaintiff will be limited.

1.    Defendant enjoys neither Federal nor State Constitutional privilege to publish negligently materials that may tend to injure the plaintiff's reputation in the community and expose her to hatred, ridicule or contempt. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 858 (1975). "The States interest here resides in the private individual's right to the protection of [her]

own good name, for this "reflects no more than our basic concept of the essential dignity and worth of every human being - a concept at the root of any decent system of ordered liberty." Id. (quoting Rosenblatt v. Baer, 383 U.S. 75, 92 (1966)(Stuart, J., concurring). The Plaintiff's complaint represents the constitutionally permissible exercise of her "right to the protection of her own good name," and this case must be allowed to go forward.

2. Any argument that Plaintiff's claim may "chill" the exercise of First Amendment freedoms is without merit. The Plaintiff's complaint does not take aim at the content of the article in isolation. Rather, it was Defendant's unreasonable and negligent use of a large clear photograph of the Plaintiff as a suggestive lure that created the defamatory innuendo alleged. And it was the written suggestion (within the context of the purported disclaimer) that Plaintiff participated in a five year study of teen sexuality that represents the tortious conduct that the complaint attacks. The fact that it is legitimate to discuss the existence of teenage sexual activity/promiscuity does not make it legitimate to drag the Plaintiff into the discussion. See generally Metzger v. Dell Publishing Co., Inc., 136 N.Y.S. 2d 888, 891 (1955)(construing New York privacy statute and common law libel claim.)

The only "chilling effect" this lawsuit would have on this Defendant or any other publisher would be to cause them to take more reasonable steps to protect "the essential dignity and worth" of the individuals they choose to pluck from the quiet of their private lives and thrust into a public debate over an issue such as teenage sexuality/promiscuity. Arguing that this complaint restricts Defendant's First Amendment rights is tantamount to the arguing that criminal charges for shooting a shotgun in a crowd violate the shooter's Second Amendment rights. Published material, like an errant bullet, can have damaging, although perhaps unintended consequences. Due care to avoid

defamatory innuendo is required under the law and "the existence of defamatory innuendo is a question of fact for a jury to consider." Reilly v. The Associated Press, 59 Mass. App. Ct. 764, 774 (2003). The Defendant's Motion to Dismiss Count II of the Amended Complaint must therefore be denied.

3. In Cefalu v. Globe Newspaper Co., 8 Mass. App. Ct. 71 (1979), the Massachusetts Appeals Court discussed the right of privacy under Massachusetts General Laws Ch. 214, Section 1B. The court looked to the principles of the tort of invasion of privacy as it appears in the Restatement (Second) of Torts as a guide to interpreting the sparsely worded statute. Id, at 78. In particular, the court points to comment (b) of Section 652D of the Restatement which states that "when a photograph is taken without the plaintiff's consent in a private place, or one already made is stolen from his home, the plaintiff's appearance that is made public when the picture appears in a newspaper is still a private matter, and his privacy is invaded." Restatement (Second) of Torts, Section 652D, Comment (b).

Using the language of the Restatement in the context of the statutory violation alleged by the Plaintiff, it cannot be said at this stage of the litigation that it appears "beyond doubt" that the Plaintiff can prove no set of facts in support of her claim for a statutory invasion of privacy pursuant to M.G.L. Ch. 214, §1B, and Defendant's Motion to Dismiss that count must also be denied.

Respectfully submitted,
Stacey Stanton,
By Her Attorney,

John P. Donohue, BBO#567008
Fuller, Rosenberg, Palmer & Beliveau, LLP.
340 Main Street, Suite 817
Worcester, Massachusetts 01608
Tel. No. (508) 751-5128

Dated: 2/1/05