UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY STANTON,<br><br>      Plaintiff,<br><br>v.<br><br>METRO CORPORATION,<br><br>      Defendant. | Civil Action No.<br>04-10751-FDS |

**MEMORANDUM AND ORDER ON MOTION TO TRANSFER**

**SAYLOR, J.**

This is an action for defamation. Plaintiff Stacey Stanton contends that defendant Metro Corporation, the publisher of *Boston* magazine, defamed her by using her photograph, without permission, to illustrate an article in *Boston* magazine on teenage sexual behavior.

Plaintiff is a resident of Manchester, New Hampshire. Defendant is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. The editorial offices of *Boston* magazine, however, are located in Boston, Massachusetts.

This action was originally brought in the Worcester Superior Court, and was removed to the United States District Court by the defendant. The removal papers were not filed in the Central Division, in Worcester, but in the Eastern Division, in Boston, where the case was drawn to Judge Gertner.

On May 26, 2004, plaintiff filed a motion to transfer the case to this Court under Local Rule 40.1(F), which permits transfers "from one division to another division on motion of any

party for good cause shown." Local Rule 40.1(F). Judge Gertner granted this motion on June 14, 2004, reasoning that the case should have been removed to the Central Division in the first instance. Judge Gertner ruled that, under Local Rule 40.1(D)(2), a removed case may be assigned to the division chosen by the plaintiff, unless it falls into one of four enumerated categories in part (D)(1).[1] Finding that "the facts of the case d[id] not put it within any of the enumerated categories," Judge Gertner transferred the case to this Court in accordance with plaintiff's election to litigate in Worcester County. Docket, No. 11, Electronic Order of June 14, 2004. Judge Gertner explicitly left it to this Court to decide, if necessary, whether "good cause" existed to transfer the case back to the Eastern Division under Local Rule 40.1(F).

Defendant has raised a challenge to Judge Gertner's Order, which the Court will treat as a motion for reconsideration. Defendant has also moved for a transfer to the Eastern Division pursuant to 28 U.S.C. § 1404(a) and Local Rule 40.1(F), principally on the grounds that the only Massachusetts witnesses (essentially, certain current and former employees of *Boston* magazine) reside in the Boston area.

The first question presented is whether the case should have been removed to the Central Division in the first instance, as found by Judge Gertner. The Court agrees with that decision, but bases its agreement on an additional footing.

Under the federal removal statute, 28 U.S.C. § 1441(a), an action may be removed from

---

[1] Local Rule 40.1(D)(1) provides in relevant part that "Civil cases shall be assigned to the respective divisions if: (a) All of the parties reside in that division[;] (b) All of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division[; or] (c) The only parties residing in the District of Massachusetts reside in that division[.]"

Local Rule 40.1(D)(2) provides that "Except as otherwise ordered by the Court, cases not governed by section (D)(1) may be filed, subject to reassignment and transfer, in the division chosen by the plaintiff."

2

state court "to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1446(a) (defendant desiring to remove a civil action shall file a notice of removal "in the district court of the United States for the district and division within which such action is pending").  By federal law, "Massachusetts constitutes one judicial district." 28 U.S.C. § 101. Unlike many federal districts, the District of Massachusetts does not have divisions. *See Brennan v. City of Leominster*, 180 F.R.D. 192, 193 (D. Mass. 1998). Nonetheless, judges in the District are permanently assigned to three locations (Boston, Worcester, and Springfield) and a local rule governs the assignment of cases to the three courts. *See* Local Rule 40.1.

As originally adopted, the Local Rule provided for three "sections," and the Worcester session was called the "Central Section." *See Brennan*, 180 F.R.D. at 193. The Local Rule has been recently revised to change the nomenclature from "section" to "division," and the Worcester session is now known as the "Central Division." The District Court's authority to promulgate Local Rule 40.1 derives principally from 28 U.S.C. § 137, which provides that "[t]he business of [the] court . . . shall be divided among the judges as provided by the rules and orders of the court." 28 U.S.C. § 137; *see Market Masters-Legal v. Sutter Law Firm*, 2003 U.S. Dist. Lexis 12839, *5 (D. Mass. 2003); Fed. R. Civ. P. 83(a) (granting authority to District Court to adopt local rules).

In the present case, there is no apparent reason to draw a meaningful distinction between a statutory "division" created by Congress for purposes of establishing venue and a local rule "division" created by the District Court for purposes of assigning cases among the judges. The obvious purpose of the relevant language of section 1441(a) is to provide a federal forum for a removed case in the same geographic area as the state forum selected by the plaintiff. That

purpose is best served by assigning removed cases to the "division" of the district court that encompasses the relevant state court, even if the "division" is one created for organizing the business of the court rather than for establishing a particular venue. If venue is improper in that division, the remedy is a subsequent transfer under Local Rule 40.1(F) or 18 U.S.C. § 1404.

Defendant seeks to avoid this result by arguing that, despite Judge Gertner's order of June 14, 2004, this case *does* fall within one of the enumerated exceptions in Local Rule 40.1(D)(1). It points specifically to Local Rule 40.1(D)(1)(c), which provides that "[c]ivil cases shall be assigned to the respective divisions if . . .[t]he only parties residing in the District of Massachusetts reside in that division." Local Rule 40.1(D)(1)(c). Defendant acknowledges that, for purposes of assessing diversity of citizenship, it is a "citizen" of Pennsylvania, but contends that it "resides" in the Eastern Division of Massachusetts within the meaning of the local rule by virtue of the presence of an editorial office in Boston.

Defendant proffered this interpretation of the local rule for this first time at oral argument, and appears to rely solely on a section of the federal venue statute, 28 U.S.C. § 1391, in support of its reading of the rule. The relevant section of the statute provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

On its face, § 1391(c) is inapposite, as it governs the determination of corporate residence

4

in a State with multiple judicial *districts*; it does not distinguish between *divisions* within a district for purposes of ascertaining where a corporation resides. As noted above, Massachusetts constitutes one judicial district, and therefore § 1391(c) merely compels the conclusion that defendant "resides" in Massachusetts. *See Carroll v. Fujuitsu-ICL Systems, Inc.*, 1993 U.S. Dist. LEXIS 18330, *3 (D. Mass. 1993) (denying motion to transfer to the Eastern Division under the local rules and stating that defendant, an out-of-state company with a sales office in Burlington, Massachusetts, did not reside in Massachusetts).[2]

The question is thus one of discretionary transfer. Local Rule 40.1(F) permits transfers between (local rule) divisions "for good cause shown," whereas 28 U.S.C. § 1404, the federal statute governing change of venue, provides two methods by which a district court may transfer a case to a different (statutory) division. First, section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Second, section 1404(b) provides that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."

To the extent that there is a meaningful distinction in this context between a "division" authorized by Congress for venue purposes and a "division" created by the District Court for

---

[2] It should be noted that this is a proper forum for plaintiff's action under federal venue rules. The venue statute provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). This provision has been construed to permit venue in defamation cases in any district in which the allegedly defamatory statement was published. *See, e.g., Daimler Chrysler Corp. v. Askinazi*, 2000 U.S. Dist. Lexis 8740, *22 (E.D. Pa. 2000). *Boston* magazine, which published the statement in question, is circulated throughout the District of Massachusetts, including the Central Division.

allocation of its business, it arises from the different standards applicable to the transfer. Transfer to a statutory "division" may be made "for the convenience of the parties and witnesses, in the interest of justice" or "in the discretion of the court," whereas transfer to a local rule "division" may be made for "good cause."

In the present case, the distinction is not significant, because defendant has not established that any of the requisite standards have been met, or that the Court should exercise its discretion.

The starting point in any motion to transfer venue under 28 U.S.C. § 1404(a) is due respect for the plaintiff's choice of forum. *See, e.g., Princess House Inc., v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). Although plaintiff did not select the federal court, she did choose to proceed in Worcester rather than Boston, presumably for reasons of economy and convenience (her counsel's office is located in Worcester) and possibly for some strategic advantage. Those reasons are not enough to avoid a transfer where the parties or witnesses would be seriously inconvenienced, where an injustice might result, or where the requirements of Local Rule 40.1(D) have not been met. *See, e.g., Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 5 (D. Mass. 1987).

Here, however, the countervailing considerations are not particularly compelling. The Court notes that the courthouse in Worcester is approximately 45 miles from the courthouse in Boston, which under ordinary circumstances involves no more than an hour of travel time. The inconvenience of travel to Worcester is therefore relatively slight.[3] Furthermore, by local rule, Boston is deemed to be a convenient place for taking the deposition of any witness residing,

---

[3] None of the authorities cited by defendant involve transfers of cases where the distance between the courthouses was less than several hundred miles. *See Princess House*, 136 F.R.D. at 23 (transferring a case from the District of Massachusetts to the Western District of Missouri principally on grounds that it was the more convenient forum for witnesses); *Brant Point*, 671 F. Supp. at 5 (transferring case from the District of Massachusetts to the Western District of North Carolina for convenience of the defendants and the witnesses).

employed, or transacting business in eastern Massachusetts. *See* Local Rule 30.1(a). Any inconvenience, therefore, would not arise in connection with discovery, but only at a trial. Finally, the Court's standard practice is to grant reasonable requests for telephonic conferences in order to reduce litigation expenses associated with the travel of counsel to Worcester.

    Under the circumstances, the Court does not find good cause to transfer this matter pursuant to Local Rule 40.1(F) or to exercise its discretion to transfer under 28 U.S.C. § 1404(b). Furthermore, the Court does not find such substantial inconvenience to the parties or witnesses as to require transfer under 28 U.S.C. § 1404(a). Defendant's motion to transfer is therefore DENIED.

**So Ordered.**

                                                       /s/ F. Dennis Saylor
                                                       F. Dennis Saylor IV
                                                       United States District Judge

Dated:  March 7, 2005