UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STACEY STANTON,
                Plaintiff,

v.

METRO CORP.,

                Defendant.

Civil Action No. 04-10751-FDS

## ANSWER TO AMENDED COMPLAINT

Defendant, Metro Corp., hereby answers and asserts defenses to the amended complaint filed by the plaintiff, Stacey Stanton ("Stanton").

### First Defense

Plaintiff alleges that her reputation was harmed by the publication of a photograph depicting her and other high school students, to illustrate a magazine article discussing modern-day high-schoolers and the extent of their knowledge and perception of, and experience with, sexuality. Nothing in the photograph or the article accompanying it suggests that the plaintiff has in fact engaged in any sexual activity. Moreover, in place of the photograph caption, the magazine published an express statement that accurately instructed readers that the "individuals pictured are unrelated to the people or events described" in the article. The magazine published no false statement of fact about the plaintiff that injured her reputation, and acted with reasonable care and without knowledge of any falsity.

### Second Defense

As its second defense, Metro Corp. responds to the numbered paragraphs of the amended complaint as follows:

1. Metro Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Admitted.

3. Admitted.

4. Metro Corp. admits only that in its May 2003 issue, *Boston* magazine published a photograph depicting five high school students (the "Photograph"), next to an article headlined, "The Mating Habits of the Suburban High School Teenager" (the "Article").  Further answering, Metro Corp. states that adjacent to the Photograph, where a caption would normally appear, *Boston* magazine published a disclaimer expressly stating, in relevant part:  "The individuals pictured are unrelated to the people or events described in this story" (the "Disclaimer").  Metro Corp. is without knowledge or information sufficient to form a belief as to whether the plaintiff was one of the individuals depicted in the Photograph, and therefore denies that allegation.  Metro Corp. denies the remaining allegations of paragraph 4.

5. Metro Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. Denied.  Further answering, to the extent that paragraph 6 alleges that Metro Corp. had any legal obligation to obtain authorization from the plaintiff before publishing her photograph, that allegation is denied.

7. Metro Corp. admits that it did not inform plaintiff that the Photograph would be published in the May 2003 issue of *Boston* magazine or in any other Metro Corp. publication.  Metro Corp. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies

them.  Further answering, to the extent that paragraph 7 alleges that Metro Corp. had any legal obligation to inform plaintiff before publishing her photograph or that the Photograph was published in any Metro Corp. publication, those allegations are denied.

COUNT II: "DEFAMATION"[1]

10. Metro Corp. admits only that the Photograph was published next to the Article and the Disclaimer in the May 2003 issue of *Boston* magazine, and denies the remaining allegations of paragraph 10.  Further answering, Metro Corp. states that the Article is a document whose contents speak for themselves.

11. Metro Corp. admits only that the Article was referred to on the cover page of the May 2003 issue; denies any allegation that plaintiff's name or photograph or any reference to plaintiff appeared on that cover page; and denies the remaining allegations of paragraph 11.  Further answering, Metro Corp. states that the magazine cover page is a document whose contents speak for themselves.

12. Metro Corp. states that the Article is a document whose contents speak for themselves, and denies the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

18.[2] Denied.

---

[1] Count I, alleging "Statutory Invasion of Privacy, M.G.L. c.214, sec.1b," has been dismissed by the District Court, and plaintiff did not appeal the dismissal.  Therefore, Count I is no longer a part of the amended complaint, and Metro Corp. has no obligation to respond to the allegations therein, which are not incorporated elsewhere in the amended complaint.

[2] Paragraphs 15-17 relate to plaintiff's former claim of defamation based on the text of the statement in italics that was published next to the Photograph (and which is described in paragraph 15 of the amended complaint.  That textual defamation claim was dismissed by the District Court, and plaintiff did not appeal the dismissal.  Therefore, that claim is no longer a part of the amended complaint, and Metro Corp. has no obligation to respond to the allegations that related to it.  To the extent that Metro Corp. is required to respond to the allegations of paragraphs 15 to 17, those allegations are denied.

19.    Denied.  Further answering, Metro Corp. states that to the extent the allegations of paragraph 19 relate to plaintiff's former claim of textual defamation (see n.2, above), that claim was dismissed by the District Court, and plaintiff did not appeal the dismissal.  Therefore, Metro Corp. has no obligation to respond to the allegations of paragraph 19 that relate to it.

### Third Defense

The amended complaint fails to state a claim for which relief may be granted.

### Fourth Defense

The plaintiff's claims are barred by the First Amendment of the United States Constitution, Article 16 of the Declaration of Rights of the Massachusetts Constitution, and/or the common law of Massachusetts.

### Fifth Defense

Plaintiff's claims for invasion of privacy (former Count I) and for textual defamation (see n.2 above) were dismissed by the District Court with prejudice, and were not made the subject of any appeal, and therefore they are barred both by *res judicata* and by the law of the case.

### Sixth Defense

The amended complaint is barred because plaintiff consented to the publication of the Photograph.

### Seventh Defense

The amended complaint is barred because the plaintiff released any claims arising out of publication of the Photograph.

### Eighth Defense

The amended complaint is barred because the plaintiff waived any claims arising out of publication of the Photograph.

### Ninth Defense

The amended complaint is barred because, by her actions, plaintiff is estopped from asserting any claims arising out of publication of the Photograph.

### Tenth Defense

The amended complaint is barred because the matters complained of are not statements of fact.

### Eleventh Defense

The amended complaint is barred because the matters complained of are not defamatory.

### Twelfth Defense

The amended complaint is barred because the statements complained of are not of and concerning the plaintiff.

### Thirteenth Defense

The amended complaint is barred because Metro Corp. exercised reasonable care when publishing the matters about which the plaintiff complains.

### Fourteenth Defense

The amended complaint is barred because Metro Corp. did not act with knowing or reckless disregard of the truth when publishing the matters about which the plaintiff complains.

### Fifteenth Defense

The amended complaint is barred because the matters complained of are true.

### Sixteenth Defense

The amended complaint is barred because the matters complained of are substantially true.

### Seventeenth Defense

The amended complaint is barred because the plaintiff suffered no damages.

### Eighteenth Defense

The amended complaint is barred because the plaintiff failed to mitigate her damages.

### Nineteenth Defense

The amended complaint is barred because Metro Corp. did not cause any of the damages of which the plaintiff complains, and therefore is not liable for them.

### Twentieth Defense

The amended complaint is barred by the doctrine of laches.

### Twenty-first Defense

The amended complaint is barred because the plaintiff suffered no damages in Massachusetts.

METRO CORP.
By its attorneys,

Dated:   May 9, 2006

Robert A. Bertsche (BBO #554333)
Amy E. Serino (BBO #643664)
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street
Boston, MA  02114
(617) 456-8018
(617) 456-8100 (fax)